ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

PLAINTIFF,

V.

REAL PROPERTY LOCATED AT 36721 COUNTY ROAD 46, PARK RAPIDS, MINNESOTA, BECKER COUNTY,

DEFENDANT.

CIVIL NO. 01-262 (JMR/RLE)

UNITED STATES OF AMERICA,

PLAINTIFF,

V.

REAL PROPERTY CONSISTING OF APPROXIMATELY 40 ACRES IN BECKER COUNTY, MINNESOTA,

DEFENDANT.

CIVIL NO. 01-327 (RHK/RLE)

UNITED STATES OF AMERICA,

PLAINTIFF,

V.

REAL PROPERTY LOCATED AT RR 2, LAKE BELLE TAINE, NEVIS, MINNESOTA, HUBBARD COUNTY,

DEFENDANT.

CIVIL NO. 01-606 (JRT/RLE)

PLAINTIFF'S MOTION TO EXTEND TIME FOR SERVING SUMMONS AND COMPLAINT AND ORDER

The United States hereby moves to extend the time for serving the Summons and Complaint for Forfeiture in each of the above-



FILED OCT 01 2001
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

captioned civil forfeiture actions until March 1, 2002, based on the following:

The three civil forfeiture actions, filed pursuant to 21 U.S.C. § 881, are related in that they resulted from the criminal investigation into the drug trafficking activities of James Bernard Young. The Complaints were filed on February 12, 2001, February 26, 2001, and April 9, 2001, respectively.

James Bernard Young and three co-conspirators were indicted in Criminal Action No. 01-118 (JMR/RLE) on April 19, 2001. The Indictment contains a Forfeiture Allegation made pursuant to 21 U.S.C. § 853 and also identifies the three pieces of real property against which the civil actions were filed as subject to forfeiture.

Rule 4(m) of the Federal Rules of Civil Procedure provides that:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The Court previously granted, by Order filed May 29, 2001, an extension of time to serve the Complaints until October 1, 2001. However, issues raised in the criminal case have delayed the trial.

The government still believes that the forfeiture of the three real properties will in all likelihood be resolved in the criminal case, but wishes to preserve its right to proceed civilly. Thus, the government requests that the time for service of the Summons and Complaints in the above-captioned civil actions be extended until March 1, 2002.

Respectfully submitted,

THOMAS B. HEFFELFINGER
United States Attorney

9-27-01

BY: LIZABETH A. McKIBBEN
Assistant U.S. Attorney
600 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
612-664-5600

ORDER

Based on the foregoing motion and on all the files and records herein,

IT IS HEREBY ORDERED that the time for serving the Summonses and Complaints in the above-captioned civil forfeiture actions is extended to March 1, 2002.

Dated: October 1, 2001

RAYMOND L. ERICKSON
United States Magistrate Judge