UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 01-327 (RHK/RLE)

ORIGINAL

| | |
|---|---|
| UNITED STATES OF AMERICA, PLAINTIFF, | ) |
| V. | ) |
| REAL PROPERTY CONSISTING OF APPROXIMATELY 40 ACRES IN BECKER COUNTY, MINNESOTA, DEFENDANT. | ) |

STIPULATED EXPEDITED SETTLEMENT AGREEMENT AND ORDER

IT IS HEREBY STIPULATED by and between the United States of America, plaintiff, and Gary Schwagel, claimant, to compromise and settle Mr. Schwagel's claim according to the following terms:

1. The parties hereby stipulate that any violations of 21 U.S.C. § 881(a)(6) involving the defendant property occurred without the knowledge of the claimant.

2. The plaintiff hereby recognizes the claim of the claimant and agrees that within 30 days of a Final Order of Forfeiture disposing of all claims in this action, it will pay the claimant the following:

a. all unpaid principal due to the claimant under the December 13, 2000, contract for deed attached hereto as Exhibit A, which was recorded in the official records of the Becker County Recorder on December 19, 2000, as Document No. 765716, that is $9,462.00 in principal;

AUG 26 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

b. all unpaid interest at the contractual (not default) rate under the contract for deed attached hereto as Exhibit A, that is 8% per annum, until the date of payment; and

c. late fees in the amount of $25.00 per month beginning in January 2002 and ending with the month payment is made to the claimant under the terms of this agreement. No late fee will be due to the claimant for the month in which payment is made under this agreement if the payment is made to the claimant prior to the 23rd day of the month.

3. The payment to the claimant shall be in full and final settlement and satisfaction of any and all claims by the claimant to the defendant property and all claims resulting from the incidents or circumstances giving rise to this lawsuit.

4. Upon payment, the claimant agrees to assign and convey title to the defendant property to the plaintiff via Warranty Deed, in recordable form, and to execute further documents, if any, to the extent necessary, to convey clear title to the defendant property to the plaintiff and to further implement the terms of this settlement. The warranty deed to be delivered by the claimant will exclude any liens, encumbrances, adverse claims or other matters created, suffered or permitted to accrue after December 13, 2000.

5. The claimant acknowledges by entering into this Agreement that the plaintiff promptly recognized his claim and by so doing

did not cause him to incur additional costs or fees.

6. As a part of this Agreement, the claimant agrees not to pursue against the plaintiff any other rights that he may have under the contract for deed, including but not limited to the right to initiate a contract cancellation action, not to further litigate against the plaintiff his claim to the defendant property, and not to petition for remission or mitigation of the forfeiture. Unless specifically directed by order of this Court, the claimant is hereby excused and relieved from further participation in this action.

7. The United States acknowledges that the claimant has already notified the United States Attorney's Office that the contract for deed is in default.

8. Each party agrees to bear their own costs and attorneys' fees.

9. The Plaintiff agrees to file a motion for a default judgment and for a final order order of forfeiture within 7 days of receiving the fully executed expedited settlement agreement.

10. The claimant further agrees to release and hold harmless the plaintiff, and any agents, servants, and employees of the plaintiff (or any state or local law enforcement agency) acting in their individual or official capacities, from any and all claims by the claimant and his agents which currently exist or which may arise as a result of the plaintiff's action against the defendant

property.

11. The claimant understands and agrees that the plaintiff reserves the right to void this Agreement and terminate the forfeiture action at any time for legal reasons or within ninety (90) days after execution of this Agreement for economic reasons.

12. The terms of this Agreement are contingent upon forfeiture of the defendant property to the plaintiff and the Court's entry of a final Order of Forfeiture disposing of all claims in this action. In the event the property is not forfeited or the forfeiture action is terminated pursuant to paragraph 11 above, this Agreement is void. Further, the terms of this Agreement shall be subject to approval by the United States District Court and any violation of any terms or conditions shall be construed as a violation of an Order of the Court.

Dated: 8/23/02

THOMAS B. HEFFELFINGER
United States Attorney

BY: JAMES S. ALEXANDER
Assistant U.S. Attorney
Attorney ID No. 166145
600 U.S. Courthouse
300 S. Fourth Street
Minneapolis, MN 55415
(612) 664-5600

Dated: 8/19/02

G. SCOTT HOKE, P.A.

BY: G. SCOTT HOKE, Esq.
12201 Champlin Drive
Champlin, MN 55316
763-422-3838
Attorney for Claimant
Gary Schwagel

G. Schwagel

ORDER

The Stipulated Expedited Settlement Agreement is hereby APPROVED.

Dated: 8/26/02

RICHARD H. KYLE, Judge
United States District Court